WILLIAM J. SEWELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sewell v. Commissioner
Docket No. 7280-72.
United States Tax Court
T.C. Memo 1973-250; 1973 Tax Ct. Memo LEXIS 35; 32 T.C.M. (CCH) 1184; T.C.M. (RIA) 73250; November 20, 1973, Filed William J. Sewell, pro se. Maurice W. Gerard, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,452.66 in petitioner's Federal income tax for 1970. The only issue remaining for decision is whether petitioner is entitled to dependency exemption deductions under section 151 [1] for his father, mother, two sisters, and brother. *36 2 FINDINGS OF FACT At the time petitioner instituted this proceeding, he was a legal resident of Atlanta, Georgia. He filed his income tax return for 1970 with the Internal Revenue Service Center, Chamblee, Georgia. During 1970, petitioner was employed as a postal clerk in Atlanta, Georgia, earning a salary of $9,317.40. During his off-duty hours, he attended DeKalb College and received about $1,200 in Veterans Administration educational benefits. His college tuition amounted to $362 for the year. He lived in an apartment for which he paid rent of $85 per month and did his own cooking. He drove a Volkswagen automobile to and from college, about 43 miles away from his apartment. Petitioner's family, consisting of his father, mother, two sisters, and brother, lived in Hogansville, Georgia, approximately 63 miles from Atlanta. In 1970, petitioner's brother was 15 years of age, and his sisters were 6 and 14. The three children were attending school, and neither they nor his mother had any earnings. His mother cultivated a vegetable garden which provided some food for the family. An older brother lived with the family at least part of the year, but he contributed nothing *37 to the family's support. 3 For the first 5 months of 1970, petitioner's father earned $1,591.18 working for the Barber Lumber Company. Sometime in June of that year, the father suddenly became ill, apparently suffering a form of paralysis, was hospitalized, and has had no earnings since that time. The family received no welfare payments or other public assistance during 1970, and they had no savings to cover their living costs. From the onset of his father's illness until the end of the year, petitioner provided the entire support for the family. During the first 5 months of 1970, prior to his father's illness, petitioner contributed about $100 to $250 for the family's support. For the period in 1970 after his father was stricken, petitioner has canceled checks totaling $710 which he gave or mailed to his mother for the family's living expenses. During his father's illness, petitioner visited home about twice each week and often gave his mother additional money for the family's support. During this period, he withdrew approximately $1,100 from his savings account and used most of it to help his family. He also bought Christmas gifts, consisting mainly of clothing needed *38 by his sisters and brother in attending school. Petitioner's contributions to his family exceeded one-half of the 4 total amount they had for their support. OPINION We are satisfied that petitioner provided more than one-half of the total support of his father, mother, two sisters, and brother. The evidence is unmistakably clear that he provided their entire support during the 6-1/2 months after his father was stricken. In addition, he provided small amounts of assistance while his father was working. Although petitioner's evidence is not as precise as it might have been and is based largely upon estimates, we think his total support contributions exceeded those of his father. Accordingly, petitioner is entitled to dependency exemption deductions for his mother, [2] two sisters, and brother. Sec. 151(a). As to petitioner's father, section 152(a) defines the term "dependent" to include a taxpayer's father. However, section 151(e) (1) (A), in the form applicable *39 in 1970, allows a deduction for dependent as defined in section 152 only if the dependent has gross income of less than $625. Since 5 petitioner's father had gross income in excess of that amount before he became ill in 1970, petitioner is not entitled to a dependency exemption deduction for him in that year. To reflect the foregoing conclusions and the settlement of other issues, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue. ↩
2. Respondent does not contend that petitioner's mother filed a joint return for 1970 with his father and, on this ground, was disqualified for treatment as a dependent of petitioner. See sec. 151(e) (2). ↩